IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NUMBER 1:10-cv-3067-TCB |
| POST PROPERTIES, INC., ) | |
| POST APARTMENT HOMES, L.P., ) | |
| and POST GP HOLDINGS, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court are the motions of Defendants Post Properties, Inc., Post Apartment Homes, L.P. and Post GP Holdings, Inc.'s (collectively, "Defendants") to transfer this case to the U.S. District Court for the District of Columbia ("D.D.C.") [5] and to stay discovery and for a telephone conference [13].

**I.   Background**

Defendants, all of which are citizens of Georgia whose principal places of business are located in Atlanta, are engaged in the development, construction and operation of multifamily apartment complexes in

numerous states. On September 23, 2010, the United States filed this action, averring that at least fifty of Defendants' multifamily apartment complexes in six states and the District of Columbia violate various provisions and regulations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181.

As a result of these alleged violations, the Government wants the Court to (1) declare that Defendants have violated the FHA and the ADA and engaged in a pattern and practice of discrimination or have discriminated against or denied rights to persons under the FHA and the ADA; (2) enjoin Defendants from (a) failing or refusing to bring applicable properties into compliance with the FHA and the ADA and to take affirmative steps to restore victims to the positions they would have been in but for Defendants' discriminatory conduct, and (b) designing or constructing applicable properties in violation of the FHA and the ADA; (3) award monetary damages to all persons harmed by Defendants' conduct; and (4) assess a civil penalty against Defendants to vindicate the public interest.

On September 28, 2010, Defendants filed their motion to transfer the case to the D.D.C. [5], contending that an earlier and nearly identical action

is already pending in that court. They argue that transfer is appropriate under the first-to-file rule or 28 U.S.C. § 1404(a).

The earlier action was filed in November 2006 in the D.D.C. by a private not-for-profit civil-rights organization, the Equal Rights Center (the "ERC"). The Government is not a party to that action. However, much like the Government, the ERC contends in its case that Defendants' properties violate the FHA and the ADA. As a result of these violations, the ERC avers that it and its disabled individual members have been injured, making them "aggrieved person[s]" as defined by the FHA and the ADA.

Comparison of the complaints shows that the Government's and ERC's claims are essentially the same. In fact, with the exception of one property, the properties identified by the Government as violating the FHA and the ADA were also so identified by the ERC in its action. The relief sought by the ERC and the Government is also similar, although the Government does ask for civil penalties, which the ERC cannot seek.

On September 28, 2009, the ERC action was dismissed when District Court Judge Richard Leon granted Defendants' motion for summary judgment on the basis that the ERC lacked standing to bring its claims. Prior to Judge Leon's decision, the Government filed an amicus brief,

arguing that the discovery record supported judgment in favor of the ERC. The ERC appealed Judge Leon's decision, and the Government filed an amicus brief in support of the ERC in the D.C. Circuit Court of Appeals. ERC's appeal is still pending. In the district court, there is still a motion to unseal portions of the record and Defendants' motion for sanctions under 28 U.S.C. § 1927 against ERC's attorneys.

## II.  First Filed-Rule

Defendants contend that the first-filed rule alone supports transferring this action to the D.D.C. The Government disagrees, contending that it was not a party to the ERC action and there is no pending case in the D.D.C.

"The 'first-filed' rule provides that 'when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should hear the case.'" *Barnett v. Alabama*, 171 F. Supp. 2d 1292, 1296 (S.D. Ala. 2001) (quoting *Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1315-16 (M.D. Fla. 1998)). Thus, the rule applies when the first action is still pending and the two actions involve the same or similar issues and the same parties. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). The crucial inquiry is whether the parties and issues

substantially overlap, not whether they are identical. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). However, the first-filed rule should not be rigidly or mechanically applied. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d F.2d 622, 627-28 (9th Cir. 1991) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). Because the Court finds below that transfer is appropriate under § 1404(a), the Court does not mechanically apply this rule. *See Merwin v. Williams Cos.*, No. 1:08-cv-2177-TWT, 2009 WL 249340, at *1 (N.D. Ga. Jan. 30, 2009) (transferring the case under § 1404(a) even though it found the first-filed rule inapplicable). However, the Court considers the parties' arguments with respect to this rule where relevant to the transfer analysis.

### III. Transfer Pursuant to 28 U.S.C. § 1404(a)

#### A. Legal Standard

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See generally Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (stating that the purpose of Section 1404(a) is "to prevent the waste of time,

energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense") (citations omitted).

The moving party bears the burden of establishing that transfer is appropriate. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). "The movant has the burden of making a strong case for transfer and if the transfer would merely shift inconvenience from one party to the other, or if the balance of all factors is but slightly in favor of the movant, plaintiff's choice of forum should not be disturbed and transfer should be denied." *Bell v. K-Mart Corp.*, 848 F. Supp. 996, 998 (N.D. Ga. 1994) (quoting *Grey v. Cont'l Mktg. Assocs., Inc.*, 315 F. Supp. 826, 831 (N.D. Ga. 1970)).

Section 1404(a) "requires the court to consider three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice." *Moore v. McKibbon Bros., Inc.*, 41 F. Supp. 2d 1350, 1356 (N.D. Ga. 1998). The Eleventh Circuit has further noted that relevant factors include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the

governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances. *Manuel*, 430 F.3d at 1135 n.1.

Of the above criteria, the three given the most weight are (1) plaintiff's choice of forum, if his selected forum is the district in which he resides; (2) inconvenience of *key* witnesses; and (3) the public interest. *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 284 (N.D. Ga. 1983). The decision to transfer a case under § 1404(a) rests within the Court's sound discretion. *See Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654-55 (11th Cir. 1993).

And "[a]lthough a plaintiff's choice of forum is entitled to deference, it is not a more important factor than the presence of related proceedings in the transferee district." *Martin v. S.C. Bank*, 811 F. Supp. 679, 686 (M.D. Ga. 1992); *see also Mirasco, Inc. v. Am. Nat'l Fire Ins. Co.*, No. 1:00-cv-947, 2000 WL 34440850, at *5 (N.D. Ga. July 5, 2000) ("The most persuasive reason for transferring this action is that a related action involving the same issues is currently pending in the United States District Court for the Southern District of New York").

**B.   Analysis**

As a threshold matter, it is undisputed that this action could have originally been brought in the D.D.C.

Turning now to the § 1404(a) factors, Defendants contend that the most compelling factors in favor of transfer are the interests of justice and the promotion of judicial efficiency. They argue that the similarity of the Government's and the ERC's claims as well as the D.D.C.'s extensive familiarity with the issues and evidence make it far more efficient for the action to be transferred to the D.D.C. They contend that allowing the Government to proceed before this Court is not in the best interest of the public, as it will result in duplicative, unnecessary and wasteful discovery. Defendants also aver that the Government's forum choice should be given less deference and that it will be more convenient for witnesses to have the cases proceed before the same court rather than two courts.

The Government responds that more witnesses, documents and properties are in Atlanta, where Defendants are headquartered, and that as sovereign, it is a resident of every state. Finally, the Government argues that it would be unfair to conflate its case with the ERC case and thus the interests of justice are not served by transferring this case.

Having reviewed the parties' arguments and the record, the Court finds that the balance of the factors under § 1404(a) weighs in favor of transfer. "Undoubtedly, the most compelling reason for transfer is that there are related proceedings pending in the [D.D.C.]." *Martin*, 811 F. Supp. at 685. Comparison of the complaints in the two actions shows that they involve almost identical issues with only slightly different requests for relief. The ERC Action proceeded for almost three years, making the D.D.C. significantly more familiar with the law, facts and record than this Court. *See Merswin*, 2009 WL 249340, at *8 (transferring case after finding that "Plaintiff has thoroughly litigated substantially similar claims in the now-closed Oklahoma action, and therefore the Oklahoma district court is intimately familiar with the facts and circumstances giving rise to Plaintiff's current Complaint.").

The Government argues that transfer is inappropriate because the two actions are procedurally at very different stages. While this case is at the beginning stage whereas the ERC Action is on appeal, it is still a waste of judicial resources for this Court to hear this case. The claims in the two cases are nearly identical, the underlying law is the same, and the properties overlap. Consequently, the discovery in the ERC Action is highly

relevant to the Government's case and the D.D.C. is in a far better position to streamline the two actions. *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 52 (D.D.C. 2000) (considering the transferee court's familiarity with the underlying facts and legal issues and transferring case even though related case was pending on appeal because it found that "[n]o matter what the Federal Circuit decides, litigating this matter here would squander judicial resources . . . ."). Indeed, the public is better served by the Government's case being transferred, as this ensures a quicker resolution that could result in improvements in approximately fifty properties. *See Van Dusen*, 376 U.S. at 616 (stating that one purpose of § 1404(a) is to protect the public against unnecessary inconvenience and expense). Thus, this factor strongly favors transfer.

As for deference to the Government's selected forum, the Court affords its selection minimal weight, as the Government itself argues that it is considered a resident of every state. *See Reiffin*, 104 F. Supp. 2d at 52 ("[S]ubstantially less deference is warranted when the forum preferred by the plaintiff is not his home forum."); *see also Martin*, 811 F. Supp. at 686 ("Although a plaintiff's choice of forum is entitled to deference, it is not a more important factor than the presence of related proceedings in the

transferee district."). Moreover, the Government's participation in the ERC Action through its amicus briefs shows that the D.D.C. is not an inconvenient forum and that the Government is familiar with the record of the ERC Action. *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (finding for purposes of the first-filed rule that "[c]omplete identify of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action.").

As for the convenience of the witnesses, it is undisputed that the likely witnesses are located in more than one jurisdiction and will have to travel regardless of the forum. "However, that burden would be significantly increased for all parties and witnesses were they required to travel between two forums due to their involvement in related actions being tried in different states." *Mirasco*, 2000 WL 3444085o, at *4; *see also Tingley Sys., Inc. v. Bay State HMO Mgmt., Inc.*, 833 F. Supp. 882, 886 (M.D. Fla. 1993) ("[A]ll parties and witnesses would be greatly burdened if all were required to travel between two forums because the two related cases in which they all were involved were being tried in two different states.").[1]

---

[1] Even if the D.C. Circuit affirms the D.D.C.'s decision in the ERC action and the concern of two actions proceeding in different fora disappears, the interests of justice still support transfer. *See Reiffin*, 104 F. Supp. 2d at 58 n.19 ("The interest of justice

11

Thus, the Court finds that factors of judicial economy, cost and expeditious litigation tip the balance of § 1404(a) factors in Defendants' favor.[2]

## IV. Conclusion

Defendants' motion to transfer [5] is GRANTED, and their motion to stay and for a telephone conference [13] is DENIED AS MOOT. The Clerk is DIRECTED TO TRANSFER this action to the Honorable Richard Leon in the United States District Court for the District of Columbia.

IT IS SO ORDERED this 29th day of October, 2010.

_____
Timothy C. Batten, Sr.
United States District Judge

---

may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses point in a different direction.").

[2] Moreover, there is extensive authority in support of this conclusion in the transferee forum. *See Reiffin*, 104 F. Supp. 2d at 56 (listing several cases in its district that support the premise that the "interests of justice are better served when a case is transferred to the district where related actions are pending."). Indeed, "[t]he fact that another court has been the site of a related action is so strong a public-interest factor that this court has transferred venue *sua sponte*." *Id.* at 58 n.19.